UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI CIVIL DIVISION
CASE NUMBER:

Pamela Ashley,

       Plaintiff,

vs.

Carnival Corporation, a foreign corporation,

       Defendant,                 /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Pamela Ashley, sues Defendant, Carnival Corporation, for damages and alleges as follows:

1. Plaintiff is a citizen of Texas and was a passenger aboard the CARNIVAL TRIUMPH on January 10, 2016.

2. Defendant, Carnival Corporation, a foreign corporation is doing continuous and systematic business in the Southern District of Florida by operating seagoing vessels in Florida. Carnival's principal place of business is in Florida.

3. Defendant, Carnival Corporation operated the vessel CARNIVAL TRIUMPH from the Galveston, Texas, to various ports in the Cozumel. Mexico.

4. The claim of the Plaintiff is a maritime personal injury claim with a value in excess of $75,000.00.

5. Diversity Jurisdiction is proper under 28 U.S.C. § 1332. Jurisdiction is also proper under 28 U.S. C. § 1333.

6. Venue is proper under 28 U.S.C. 1391, and also due to the forum selection clause contained within the Defendant's cruise ticket.

7. Plaintiff, Pamela Ashley, was a passenger on the CARNIVAL TRIUMPH On January 10, 2016.

8. Defendant, Carnival Corporation has the duty to use reasonable care under the circumstances when operating its cruise.

9. On January 10, 2016, Ms. Pamela Ashley walking on the Lido Deck near the self serve fountain when she slipped and fell on liquid that was allowed to accumulate on the deck. There were no warning signs or cones posted to warn passengers of the liquid on the deck, which posed a slipping hazard. Plaintiff didn't see the liquid on the deck and slipped and fell. As a result of falling, she sustained injuries to her left knee.

10. The injuries sustained by the Plaintiff and were caused by the negligence of Defendant, Carnival Corporation, it's employees, staff, crewmembers, owners, agents and operators by the following acts of omission and commission:

    a. Failure to correct and clean up an unsafe or known condition, which was the liquid on the deck that made it unreasonably slippery;

    b. Failure to have a crew member present warn passengers of the liquid on the deck which posed a slipping hazard;

    c. Failure to ensure the deck was free of slipping hazards;

    d. Failure to timely inspect the decks to ensure they were free of slipping hazards;

    e. Failure to have warning signs, cones, or notices posted warning passengers of the water on the deck which posed a slipping hazrd; and

    f. Failure to have mats or other non-skid devices near the self serve fountain.

11. Defendant either knew or in exercise of reasonable care should have known of the dangerous slippery liquid on the deck which created the slipping hazard.

12. As a direct and proximate result of the Defendant's negligence, Plaintiff, Pamela Ashley, suffered injuries to knee and bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and expense of hospitalization, medical and nursing case and treatment, loss of earnings and loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and plaintiff will suffer the losses in the future. Plaintiff also lost the value of the cruise and incurred other incidental expenses.

WHEREFORE, Plaintiff, Pamela Ashley, prays for a judgment to be entered against the Defendant, Carnival Corporation for compensatory damages in excess of $75,000.00, including prejudgment and post judgment interest and costs. Plaintiff demands a trial by jury.

/s/ Jacob J. Munch
JACOB J. MUNCH, ESQUIRE
MUNCH and MUNCH, P.A.
600 South Magnolia Avenue - Suite 325
Tampa, Florida 33606
(813) 254-1557 phone / (813) 254-5172 fax
E-mail: sealaw@tampabay.rr.com
Florida Bar Number 376523
Attorney for Plaintiff, Ashley